**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**ISADORE GARTRELL**,

     Petitioner,

**v.**               **Civil Action No.: 3:17-CV-159
(GROH)**

**JENNIFER SAAD, WARDEN,**

     Respondent.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On December 28, 2017, Petitioner Isadore Gartrell ("Petitioner" or "Defendant"), an inmate incarcerated at Coleman Medium FCI, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241, regarding his period of incarceration at Gilmer FCI, in Glenville, West Virginia.  ECF No. 1.[1]  On August 7, 2018, this Court entered an "Order to Show Cause" directing Respondent to file answer, motion or other responsive pleading.  ECF No. 7.  On September 4, 2018, Respondent filed a "Motion to Dismiss and Response to Order to Show Cause" and a memorandum in support thereof.  ECF Nos. 9, 10.  On December 4, 2018, the Respondent filed a response in opposition to the motion to dismiss.  ECF No. 20. The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be dismissed with prejudice.

---

[1]  All ECF numbers cited herein are from the instant case, 3:17-CV-159, unless otherwise noted.

## II.    FACTUAL AND PROCEDURAL HISTORY[2]

### A.    Conviction and Sentence

On April 13, 1989, an inmate in Lorton Reformatory, Lawrence Chase, was stabbed to death.  Hodge, 933 F.2d at *1.  Hodge, Petitioner and a third person, Harris, were indicted for murder.  Petitioner was tried first and convicted.  Later, Hodge and Harris were tried together; Hodge was convicted but Harris was acquitted.  The testimony at both trials was that on the morning of Chase's murder, Petitioner and Hodge went to the prison weight room where Hodge identified the victim to Petitioner. Shortly thereafter, in the prison dormitory Petitioner and Hodge approached the victim who was standing near his bed.  Petitioner and Hodge both drew knives.  After a struggle and attempt by Chase to escape, Petitioner and Hodge repeatedly stabbed Chase.

Petitioner offered an alibi defense, claiming he was elsewhere at the time of the murder.  Hodge admitted he participated in the incident but denied inflicting the fatal wound.  Hodge claimed that he approached Chase to discuss a rumor that Chase intended to kill Hodge.  Hodge further testified that Petitioner initiated the fight that resulted in Chase's death.  Following their convictions, Petitioner and Hodge were assessed a Sentencing Guideline level of 43 and were sentenced to life imprisonment.

The Fourth Circuit affirmed Petitioner's conviction and sentence.  Petitioner sought a writ of certiorari, which was denied by the Supreme Court on October 7, 1991. Gartrell v. U.S., 502 U.S. 854 (1991).

---

[2] Throughout this section, the facts are taken from United States v. Hodge, 933 F.2d 1002 (4th Cir. 1991), 1991 WL 82053, an unpublished opinion which affirmed the conviction for Petitioner and a co-defendant, Norman Hodge. Although Petitioner was convicted in the Eastern District of Virginia, case number 89-CR-305-2, because of the age of the case, those records are not available on PACER.

**B.    Prison Proceedings**

Petitioner asserts that while he was incarcerated at Schuylkill FCI, in Minersville, Pennsylvania, his computer privileges were revoked based on an incident which occurred on February 13, 2015.  ECF No. 1-1 at 2, 3.  Petitioner states that he has worked for UNICOR Federal Prison Industries without discipline since 1991.  Id. at 3. Petitioner claims that he was not subject to any prison disciplinary proceedings and that no incident report was filed against him.  Id.  Petitioner asserts that a staff member used a UNICOR computer for personal use and claimed that there were "random writing[s] and a picture of a chess board in the home directory," on the computer.  Id.  He further states, "[a]ll of which was junk that was once in the share file and everyone use that junk file to learn how to do our jobs."  Id.  According to Petitioner, he was not assigned to that computer.  Id.  Petitioner also claims that he was not even aware that his computer privileges were revoked until he was transferred to Gilmer FCI.  Id. at 2. However, one of the documents which Petitioner submitted with his petition is a UNICOR "Unsatisfactory Work Performance Report" from FCI Schuylkill, dated February 13, 2015.  ECF No. 1-1 at 13.  That report states that:

> On Friday, February 13, 2015 at approximately1:00 p.m., several homemade unauthorized files were discovered inside the home directory of inmate Gartrell, Isadore [ ]. Specifically, three documents were discovered with random writings and one was a homemade chessboard. Additionally, you signed and acknowledged the "Rules of Inmate Employment/Training for UNICOR Computers" and the "UNICOR Rules and Regulations" which detail the inmate rules and responsibilities of inmates using Government UNICOR computers.  This type of activity is unauthorized and will not be tolerated.

ECF No. 1-1 at 13.  It was recommended that Petitioner be immediately terminated from UNICOR effective February 13, 2015.  Id.  Finally, it was noted that Petitioner refused to sign the Unsatisfactory Work Performance Report.  Id.

Petitioner submitted some administrative appeal documents with his petition, including a December 30, 2016, "Response to Institution Administrative Remedy" signed by Warden Saad.  Petitioner was denied relief by Warden Saad who held:

> A review into this matter reveals during past employment at another BOP institution, you violated UNICOR employment rules by possessing unrelated work documents while working on the UNICOR computer system.  This was documented and an entry was made in the computer clearance system and as a result you were removed from this work assignment.  Access to UNICOR computer systems is a privilege, not a right, and FCI Gilmer concurs with the decision made.

ECF No. 1-1 at 5.

Petitioner filed a regional administrative remedy appeal on April 2, 2017.  ECF No. 1-1 at 7.  On May 18, 2017, the Regional Director for the Mid-Atlantic Region denied Petitioner's request to have his computer clearance reinstated, writing, "[d]ue to your history of violating rules related to UNICOR computer system you are not appropriate for computer clearance."  Id.  Petitioner appealed the Regional Director's denial of relief.  On September 14, 2017, the National Inmate Appeals Administrator denied that appeal for relief, writing, "[a]s indicated by the Warden, during past employment at another Bureau of Prisons facility, you violated UNICOR employment rules by possessing unrelated work documents while working on the UNICOR computer system.  As a result, you are not appropriate for computer clearance."  Id. at 11.

### C.    Instant Proceedings Under 28 U.S.C. § 2241

Petitioner filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241, on December 28, 2017, seeking reinstatement of his UNICOR computer rights.  ECF No. 1 at 9.    In her memorandum in support of Respondent's motion to dismiss, Respondent argues that Plaintiff's claim is not cognizable in a habeas corpus petition because his claim does not affect the fact or duration of his confinement.  ECF No. 10. In his reply, Petitioner concedes that he did not lose any good time as a result of the loss of his computer access, and reasserts his request to reinstate his computer accessibility.  ECF No. 20.

## III.    STANDARD OF REVIEW

### A.    Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Cases in the U.S. District Courts.

### B.    Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous,

malicious, fails to state a claim upon which relief can be granted, or seeks monetary

relief against a defendant who is immune from such relief.  A complaint is frivolous if it is

without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325

(1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing
> of, and waste of judicial and private resources upon,
> baseless lawsuits that paying litigants generally do not
> initiate because of the costs of bringing suit and because of
> the threat of sanctions for bringing vexatious suits
> under Federal Rule of Civil Procedure 11. To this end, the
> statute accords judges not only the authority to dismiss a
> claim based on an indisputably meritless legal theory, but
> also the unusual power to pierce the veil of the complaint's
> factual allegations and dismiss those claims whose factual
> contentions are clearly baseless.

490 U.S. at 327.

## C.    Habeas Corpus Petitions Filed Pursuant to 28 U.S.C. § 2241

A petition filed pursuant to § 2241 is the appropriate method to challenge a due

process violation as part of a prison disciplinary hearing.  Burgess v. Dunbar, 628 Fed.

Appx. 175 (4th Cir. 2015).  An inmate who is subject to a disciplinary conviction which

results in a loss of good-conduct credit is entitled to the following for the minimum

requirements of procedural due process:

> 1. giving the prisoner written notice of the charges at least
>    twenty-four hours before he appears for his disciplinary
>    hearing;

---

[3]  The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

2. providing the prisoner a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action;

3. allowing the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals;

4. if the prisoner is illiterate or the complexity of the issue makes it unlikely that the prisoner will be able to collect and present the evidence necessary for an adequate comprehension of the case, permitting the prisoner the aid of a fellow prisoner, or if that is forbidden, aid from staff or a sufficiently competent inmate designated by staff; and

5. providing impartial factfinders.

Wolf v. McDonnell, 418 U.S. 539, at 564-566, 570-571; Burgess, 628 Fed. Appx. at 176

(quoting Wolff).

**D.   Motions to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted.  The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519,

520 - 1 (1972) (per curiam); <u>Erickson v. Pardus</u>, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007).  Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." <u>Id.</u> at 555, 570.  In <u>Twombly</u>, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." <u>Id.</u> at 570.  Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation.  <u>Id.</u> at 678.  "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u> at 679.  Thus, a well-pleaded complaint  must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim. <u>Id.</u> at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly,  it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." <u>Republican Party of North Carolina v. Martin</u>, 980 F.2d 943,

952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff.  Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

## IV.    ANALYSIS

Although not a model of clarity, the petition appears to assert that Petitioner is entitled to the writ of habeas corpus on the theory that the BOP failed to follow disciplinary hearing procedures.  ECF No. 1-1 at 1.  For relief Petitioner does not seek release from custody, to shorten his incarceration, or to restore any good time credit.  Rather, Petitioner seeks to have his computer access privileges restored.  ECF No. 1 at 9.

To the extent that Petitioner contends that the BOP's failure to institute formal prison disciplinary proceedings violated his Constitutional rights, his argument fails because neither the fact nor the length of his confinement are contested.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  When a prison disciplinary hearing may result in the loss of good time credit, due process requires the following:

1.  giving the prisoner written notice of the charges at least twenty-four hours before he appears for his disciplinary hearing;

2.  providing the prisoner a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action;

3.  allowing the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals;

4.  if the prisoner is illiterate or the complexity of the issue makes it unlikely that the prisoner will be able to collect and present the evidence necessary for an adequate comprehension of the case, permitting the prisoner the aid of a fellow prisoner, or if that is forbidden, aid from staff or a sufficiently competent inmate designated by staff; and

5.  providing impartial factfinders.

Id. at 564-566, 570-571.

Because Petitioner did not lose good time credit, he was not entitled to the due process requirements outlined in Wolff.  Moreover, because Petitioner seeks relief that does not affect the fact or duration of his confinement, his claim is inappropriate for consideration under § 2241.  As stated by the Supreme Court:

Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983.

Hill v. McDonough, 547 U.S. 573, 579 (2006) (internal citations omitted).  The Supreme Court previously explained in a challenge by two prisoners that, "[b]ecause neither prisoner's claim would necessarily spell speedier release, neither lies at 'the core of habeas corpus' . . . [and] the prisoners' claims for *future* relief (which, if successful, will not necessarily imply the invalidity of confinement or shorten its duration) are yet more

distant from that core."  Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (internal citations omitted).

Respondent's motion to dismiss and memorandum in support thereof, assert that "because Plaintiff simply challenges the loss of computer access for his prison job, his claim is not cognizable in a habeas corpus action and this action must be dismissed." ECF No. 10 at 2.  This Court agrees with Respondent.

Pursuant to Republican Party of North Carolina v. Martin, supra, a motion to dismiss "tests the sufficiency of a complaint" but "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses."   Petitioner does not challenge the validity of his confinement or seek speedier release from confinement. Accordingly, even when viewing all the evidence in the light most favorable to the nonmoving party, it appears that the Petitioner has failed to assert a claim for which relief can be granted under 28 U.S.C. § 2241, and his petition must be dismissed.


## V.   RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be DENIED and that the § 2241 proceeding be **DISMISSED WITH PREJUDICE**.

This Court also **RECOMMENDS** that Respondent's "Motion to Dismiss" [ECF No. 9] be **GRANTED**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections. Objections shall identify each portion of the magistrate judge's recommended

disposition that is being challenged and shall specify the basis for each objection. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.  A copy of any objections shall also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED:** December 12, 2018

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE

12